RECEIVED
NOV 20 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESITA MARIE )<br>Plaintiff )<br>3726 W. GIDDINGS ST. )<br>CHICAGO IL. 60625 )<br> )<br>MINIBAR NORTH AMERICAN, INC. )<br>AND HYATT (CORPORATION) )<br>Dependants REGENCY )<br>CHICAGO HO. 151 E. WACKER )<br>DRIVE. CHICAGO IL. 60601 ) | CIVIL ACTION<br><br>06CV6344<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE BROWN |

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is **TERESITA MARIE** of the County of Cook in the State of Illinois.

3. The defendants are **MINIBAR NORTH AMERICA, INC. AND HYATT CORPORATION**, whose street addresses are 18 Kingery Quarter, Hinsdale, Illinois 60521 and 51 W. Wacker Drive, Chicago, Illinois 6060 (defendant's telephone numbers) Minibar (630) 321.9683 and Hyatt (312) 565.1234.

4. The plaintiff sought employment or was employed by the defendants at 18A Kingery Quarter, Hinsdale, Du Page, IL 60521 and at 51 Wacker Drive, Chicago, IL 60601.

5. The plaintiff was employed but is no longer employed by the defendants.

6. The defendants discriminated against the plaintiff on or about, or beginning on or about, May 14, 2004.

7. The defendants are not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendants asserting the acts of discrimination indicated in this complaint with any of the following government agencies (Copy of charges are attached):

   7.1 The United States Equal Employment Opportunity Commission, on or about March 20, 2006.

3. In late July, 2004, Sandeep Sharma, Assistant Manager, suspended me.

4. Sharma suspended me for being absent as a result of my job injury, even though I notified Respondent of my absences.

5. Respondent suspended me after I opposed unlawful discrimination, and thereby, raising an inference of retaliatory motivation.

lgv

Complainant Name: TERESITA MARIE
Charge Number: 2005CF1524
Page 4

V. A. ISSUE/BASIS

SUSPENSION - LATE JULY, 2004/DUE TO NATIONAL ORIGIN, THE PHILIPPINES

B. PRIMA FACIE ALLEGATIONS

1. My national origin is the Philippines.

2. I worked at Respondent for my employer, Hyatt Regency Chicago Hotel. Respondent assigned me work and supervised my daily employment activities.

3. My performance as Servi-bar Attendant.

4. In late July, 2004, Sandeep Sharma, Assistant Manager, suspended me.

5. Sharma suspended me for being absent as a result of my job injury, even though I notified Respondent of my absences.

6. Non-Filipino employees whose attendance record was not better than mine were not suspended.

VI. A. ISSUE/BASIS

SUSPENSION - LATE JULY, 2004/IN RETALIATION FOR OPPOSING UNLAWFUL DISCRIMINATION

B. PRIMA FACIE ALLEGATIONS

1. In mid 2004, I opposed unlawful discrimination by complaining to Respondent about national origin discrimination.

2. I worked at Respondent for my employer, Hyatt Regency Chicago Hotel. Respondent assigned me work and supervised my daily employment activities.

Continued...lgv

Complainant Name: TERESITA MARIE
Charge Number: 2005CF1524
Page 3

3. My performance as Servi-bar Attendant was satisfactory.

4. On July 23, 2004, Sandeep Sharma, Respondent's Manager, subjected me to unequal terms and conditions of employment by denying me the assistance I needed to do repeated heavy lifting and forcing me to do it on my own, although other employees who were mocking me could have assisted me. As a result of this, I injured my back. I told Sharma about it, but he ignored me and did not allow me to go home until I finished my work, which included more lifting.

5. Non-Filipinos were not treated in this manner.

IV. A. ISSUE/BASIS

UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT - JULY 23, 2004/IN RETALIATION FOR OPPOSING UNLAWFUL DISCRIMINATION

B. PRIMA FACIE ALLEGATIONS

1. In mid 2004, I opposed unlawful discrimination by complaining to Respondent about national origin discrimination.

2. I worked at Respondent for my employer, Hyatt Regency Chicago Hotel. Respondent assigned me work and supervised my daily employment activities.

3. On July 23, 2004, Sandeep Sharma, Respondent's Manager, subjected me to unequal terms and conditions of employment by denying me the assistance I needed to do repeated heavy lifting and forcing me to do it on my own, although other employees who were mocking me could have assisted me. As a result of this, I injured my back. I told Sharma about it, but he ignored me and did not allow me to go home until I finished my work, which included more lifting.

4. Respondent subjected me to unequal terms and conditions of employment after I opposed unlawful discrimination, and thereby, raising an inference of retaliatory motivation.

Continued...lgv

        5. Non-Filipino employees were not harassed in this manner.

II. A. ISSUE/BASIS

    WARNINGS - MAY 14, 2004, TO LATE JULY, 2004/DUE TO NATIONAL ORIGIN, THE PHILIPPINES

  B. PRIMA FACIE ALLEGATIONS

    1. My national origin is the Philippines.

    2. I worked at Respondent for my employer, Hyatt Regency Chicago Hotel. Respondent assigned me work and supervised my daily employment activities.

    3. My performance as Servi-bar Attendant was satisfactory.

    4. From at least May 14, 2004, until late July, 2004, I was issued about five warnings by Sandeep Sharma, Assistant Manager.

    5. Respondent issued me warnings for things which others were not issued warnings for, including allegedly not reporting an accident I had on the job, when I had reported it.

    6. Non-Filipino employees were not issued warnings for similar reasons.

III. A. ISSUE/BASIS

    UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT - JULY 23, 2004/DUE TO NATIONAL ORIGIN, THE PHILIPPINES

  B. PRIMA FACIE ALLEGATIONS

    1. My national origin is the Philippines.

    2. I worked at Respondent for my employer, Hyatt Regency Chicago Hotel. Respondent assigned me work and supervised my daily employment activities.

Continued...lgv

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

05W1110.07

| AGENCY | CHARGE NUMBER |
|---|---|
| [X] IDHR | |
| [X] EEOC | 2005CF1524 |

## Illinois Department of Human Rights and EEOC

**NAME** (indicate Mr., Ms., Mrs.)
TERESITA MARIE

**HOME TELEPHONE** (include area code)
773-588-3179

**STREET ADDRESS**
3726 W GIDDINGS CT

**CITY, STATE AND ZIP CODE**
CHICAGO, IL 60625

**DATE OF BIRTH**
00/00/00

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (IF MORE THAN ONE, LIST BELOW)

**NAME**
MINI BAR SYSTEM

**NUMBER OF EMPLOYEES, MEMBERS** 15+

**TELEPHONE** (include area code)
630 321 9683

**STREET ADDRESS**
18A KINGERY QUARTER

**CITY, STATE AND ZIP CODE**
HINSDALE, IL 60521

**COUNTY**
043

**NAME**

**TELEPHONE** (include area code)

**STREET ADDRESS**

**CITY, STATE AND ZIP CODE**

**COUNTY**

**CAUSE OF DISCRIMINATION BASED ON:**
NATIONAL ORIGIN    RETALIATION

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA)    LATEST (ALL)
    / /                07/31/2004

[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (if additional space is needed attach extra sheet(s))

I. A. ISSUE/BASIS

HARASSMENT - MAY 14, 2004, TO LATE JULY, 2004/DUE TO NATIONAL ORIGIN, THE PHILIPPINES

B. PRIMA FACIE ALLEGATIONS

1. My national origin is the Philippines.

2. I worked at Respondent for my employer, Hyatt Regency Chicago Hotel. Respondent assigned me work and supervised my daily employment activities.

3. My performance as Servi-bar Attendant was satisfactory.

4. From at least May 14, 2004, until late July, 2004, I was harassed by Sandeep Sharma, Respondent's Manager, who was continually mean and disrespectful towards me.

Continued...lgv

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct

"OFFICIAL SEAL"
Krystal I. Rogers
Notary Public, State of Illinois
Commission Expires Nov. 15, 2006
Notary Public Seal    12/6/04

NOTARY (when necessary for State and Local Requirements)

/s/ Krystal F Rogers

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT    DATE
x Teresita Marie    12/6/04

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, year)

EEOC FORM 5 (6/00)    FEP9KIM3

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>AMENDED 2005cf1524/<br>21B-2005-00502 |
|---|---|---|

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Teresita Marie | (773) 588-3179 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 3726 W Giddungs Ct, Chicago, IL 60625 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MINIBAR SYSTEMS | 15 - 100 | (630) 321-9683 |

| Street Address | City, State and ZIP Code |
|---|---|
| 18 Kingery Quarter, Hinsdale, IL 60521 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HYATT REGENCY HOTEL | 501 or More | (312) 565-1234 |

| Street Address | City, State and ZIP Code |
|---|---|
| 51 W. Wacker Drive, Chicago, IL 60601 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [X] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: _____   Latest: 07-31-2004
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

# SEE ATTACHED

RECEIVED EEOC
MAR ~ ~ 2006
CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| x 3/13/06   x *Teresita Marie*<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

**PRIVATE SUIT RIGHTS:**

This issuance of this Notice of Right to Sue ends EEOC's process with respect to your charge. You may file a lawsuit against the respondent named in your charge within 90 days from the date you receive this Notice. Therefore you should **keep a record of this date**. Once this 90-day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed **well in advance of the expiration of the 90-day period.**

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the state where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.

You may contact EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

A lawsuit against a **private employer** is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a **State agency or a political subdivision of the State** is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or, probably, the Equal Pay Act against a **State instrumentality** (an agency directly funded and controlled by the State) **can only be filed in a State court**.

A lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or the Equal Pay Act against a **political subdivision of the State**, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of U.S. District Courts, please see reverse side.

IF THE FIRST THREE CHARACTERS OF YOUR <u>EEOC CHARGE NUMBER</u> ARE "21B" <u>AND</u> YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUESTS FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE <u>MUST</u> BE DIRECTED TO IDHR.

**ATTORNEY REPRESENTATION:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the court having jurisdiction in your case may, at its discretion, assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well before the end of the 90-day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within this 90-day period.

**DESTRUCTION OF FILE:**

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE IN WRITING WHEN THE LAWSUIT IS RESOLVED.**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to **Sarita Gaddis** and mailed to the address above or faxed to **(312) 353-4041**.

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

* <u>Before filing a lawsuit,</u> but within 90 days of your receipt of the Right to Sue, or
* <u>After your lawsuit has been filed.</u> If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the first page of your court complaint reflecting the docket number.

If you are the Respondent you may be granted access to the file <u>only after</u> a lawsuit has been filed. Include with your request a copy of the first page of the court complaint reflecting an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure **before** you are granted access to the file. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

Your request for access to the file will be acted upon no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by **Williams Lea (formerly Uniscribe), 300 West Adams, Suite 900, Chicago, Illinois, 60606-5101, (312) 279-5500.** You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, <u>it is recommended that you first review your file</u> to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent <u>in its entirety</u> to the copy service, <u>and you will be responsible for the cost.</u> Payment must be made directly to Williams Lea.

Form 161 (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

**To:** CERTIFIED MAIL NO.: 7000 1670 0012 6745 0668 – CP ATTY
Ms. Teresita Marie
3726 W Giddings Court
Chicago, IL 60625

**From:** Chicago District Office - 440
500 West Madison St
Suite 2800
Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2005-00502 AMENDED | Daniel Lim, Investigator | (312) 886-9839 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____  8/23/06
John P. Rowe,                    (Date Mailed)
District Director

Enclosures(s)

c: MINIBAR NORTH AMERICA, INC. and
HYATT REGENCY CHICAGO



## CORPORATION FILE DETAIL REPORT

| Entity Name | HYATT CORPORATION | File Number | 20577461 |
|---|---|---|---|
| Status | GOODSTANDING | | |
| Entity Type | CORPORATION | Type of Corp | FOREIGN BCA |
| Qualification Date (Foreign) | 02/16/1968 | State | DELAWARE |
| Agent Name | UNITED STATES CORPORATION CO | Agent Change Date | 00/00/0000 |
| Agent Street Address | 33 NORTH LASALLE STREET | President Name & Address | DOUGLAS D GEOGA 71 S WACKER DR 12TH FL CHICAGO 60606 |
| Agent City | CHICAGO | Secretary Name & Address | HAROLD S HANDELSMAN SAME |
| Agent Zip | 60602 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 04/27/2006 | For Year | 2006 |
| Assumed Name | INACTIVE - HYATT REGENCY OAK BROOK<br>ACTIVE - HYATT REGENCY WOODFIELD<br>ACTIVE - HYATT LISLE<br>ACTIVE - HYATT DEERFIELD<br>ACTIVE - HYATT REGENCY MCCORMICK PLACE<br>INACTIVE - HYATT AT UNIVERSITY VILLAGE<br>INACTIVE - HYATT ON PRINTER'S ROW<br>ACTIVE - PARK HYATT CHICAGO<br>ACTIVE - HYATT REGENCY CHICAGO<br>ACTIVE - HYATT REGENCY O'HARE<br>ACTIVE - HYATT ROSEMONT | | |

Return to the Search Screen

Purchase Certificate of Good Standing
(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



SERVICES     PROGRAMS     PRESS     PUBLICATIONS     DEPARTMENTS     CONTACT

## CORPORATION FILE DETAIL REPORT

| Entity Name | MINIBAR NORTH AMERICA, INC. | File Number | 5820/052 |
|---|---|---|---|
| Status | GOODSTANDING | | |
| Entity Type | CORPORATION | Type of Corp | FOREIGN BCA |
| Qualification Date (Foreign) | 02/21/1995 | State | MARYLAND |
| Agent Name | C T CORPORATION SYSTEM | Agent Change Date | 02/21/1995 |
| Agent Street Address | 208 SO LASALLE ST, SUITE 814 | President Name & Address | ANTHONY J TORANO /340 WESTMORE RD ROCKVILLE MARYLAND 20850 |
| Agent City | CHICAGO | Secretary Name & Address | PATRICK GALGANO SAME |
| Agent Zip | 60604 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 01/25/2006 | For Year | 2006 |

Return to the Search Screen     Purchase Certificate of Good Standing

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

13. The plaintiff demands that the case be tried by a jury.

**THEREFORE**, the plaintiff asks that the court, if available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

*/s/ Teresita Marie/*

**TERESITA MARIE**
3726 W. Giddings Ct., Chicago, IL 60625
Tel. Number: (773) 588.3179

    7.2  The Illinois Department of Human Rights, on or about December 4, 2005.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human rights to cross-file with the other agency all charges received. The Plaintiff has no reason to believe that this policy was not followed in this case.

8. The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on August 28, 2006, a copy of which Notice is attached to this complaint.

9. The defendants discriminated against the plaintiff because of the plaintiff's Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C., 1981).

10. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C., 1331, 28 U.S.C., 1343 (a)(3), and 42 U.S.C., 2000e-5(f)(3); for 42 U.S.C., 1981 and 1983 by 42 U.S.C., 1988; for the A.D.E.A. by 42 U.S.C., 12117; for the Rehabilitation Act, 29 U.S.C., 791.

11. The defendants terminated the plaintiff's employment and failed to stop harassment.

12. Prima facie allegations:

    12.1  My national origin is the Philippines.
    12.2  I worked at Hyatt Regency Chicago Hotel as Servi-bar Attendant.
    12.3  I am the only Filipina working at the above mentioned company.
    12.4  Sandeep Sharma, the assistant manager was my immediate supervisor. He assigned me worked and supervised my daily employment activities.
    12.5  My performance as Servi-bar Attendant was Very Satisfactory.
    12.6  In late July, 2004, Sandeep Sharma, assistant manager, suspended me for being absent for three days, even though I notified them for not being present in my work. My absences were due to my job injury.
    12.7  Non-Filipino employees whose attendance record was not better than mine were not suspended.
    12.8  Respondent suspended me due to old age and after I opposed unlawful discrimination, and thereby, raising an inference of retaliatory motivation.